[L. A. No. 21009. In Bank. Dec. 13, 1950.]

INYOKERN SANITATION DISTRICT, Respondent, v.
HADDOCK-ENGINEERS, LTD. (a Corporation), Appellant.

West, Vizzard, Howden & Baker and James Vizzard for
Appellant.

Norbert Baumgarten, County Counsel, and Roy Garbano,
Assistant County Counsel, for Respondent.

THE COURT.—A hearing was granted in this case because there was then pending before us the case of *Petrovich* v. *City of Arcadia, ante,* p. 78 [222 P.2d 231], which also related to the question of forfeiture in a public improvement contract. The conclusion herein is not in any way inconsistent with the result in that case. There the court was concerned solely with the interpretation to be given the language of the contract between the parties. No statute was involved, and it was determined that no words of forfeiture were employed by the city in declaring the liability upon the bidder's breach. Here the statute contained the words of forfeiture declaring the effect of the bidder's breach under otherwise similar circumstances. The statutory language, as it applies to the facts in the present case as hereinafter shown, has been so construed since 1924 in *Mill Valley* v. *Massachusetts Bonding etc. Co.,* 68 Cal.App. 372 [229 P. 891]. We adopt the opinion prepared by Mr. Justice Barnard of the District Court of Appeal which reads as follows:

The plaintiff began proceedings for the construction of sanitary sewers and the modification of an existing sewage treatment plant in compliance with the provisions of the Improvement Act of 1911, being division 7 of the Streets and Highways Code, as said act is made applicable to such districts by section 4771, etc., of the Health and Safety Code. The resolution of intention to do the work, the resolution ordering the work, and the notice calling for bids all referred to the Improvement Act of 1911, to the assessment district being formed for the purpose, and specified the manner in which improvement bonds would be issued in connection with payment for the work. A notice of improvement describing the work, describing the assessment district and the bonds to be issued, and referring to the Improvement Act of 1911 as it appears in the Streets and Highways Code, was posted along the line of the contemplated work and upon all the streets and highways within the district to be assessed, as required by section 5190 of the Streets and Highways Code. All the requirements for posting and publication were complied with, and the notice calling for bids was both posted and published.

Haddock-Engineers, Ltd., submitted a bid offering to furnish all labor and materials "for the construction of Sanitary Sewers and the modification of existing Sewage Treatment Plant," in strict conformity with the plans and specifications prepared by the engineer of the district for the sum of $73,-201.75. This bid was accompanied by a bond executed by

Haddock-Engineers, Ltd., as principal and Travelers Indemnity Company as surety. The obligation of this bond was 10 per cent of the amount of the bid. The condition of this obligation was that in the event the work was awarded to the principal, and the principal entered into a contract in accordance with the terms of the bid and gave bond for faithful performance, or if the principal should, in case of failure so to do, pay to the district the damage it might suffer by reason of such failure not exceeding the penalty of this bond, "then this obligation shall be null and void; otherwise it shall be and remain in full force and effect."

The only other bid received was one for $145,691.66, which was also accompanied by a bid bond amounting to 10 per cent of that amount. On December 15, 1947, at the time fixed therefor, the board of directors of the plaintiff district opened the bids and adopted a resolution accepting the bid of Haddock-Engineers, Ltd., and rejecting all other bids. This resolution was published as required by law. Haddock-Engineers, Ltd., refused to sign the contract thus awarded to it, and this action followed.

The complaint, among other things, alleged the facts above set forth and copies of the various instruments were attached thereto. It further quoted sections 5242 and 5246 of the Improvement Act of 1911, as set forth in division 7 of the Streets and Highways Code, and alleged that the published notice calling for bids stated that each bid must be accompanied by a certified check or bidder's bond in the amount of 10 per cent of the bid, made payable to the plaintiff, and that the said check or bond would be declared forfeited if the successful bidder refused to enter into the contract within the time prescribed by law. Judgment in the sum of $7,321.76, being the full obligation of the bond, was prayed for.

The surety on the bond was named as a defendant, but was not served and did not appear. Haddock-Engineers, Ltd., in its answer, admitted some of the facts alleged in the complaint, denied upon information and belief others which were matters of public record, and denied that it submitted a bid in response to the plaintiff's call for bids, or filed a bond to secure said bid. It was admitted, however, in a second and affirmative defense, that it submitted a bid and bid bond, exact copies of which were attached to the plaintiff's complaint. The effect of the pleading was to admit that it had submitted this bid and filed this bond to secure the same, but to deny that these acts were done pursuant to the call for bids. This

separate defense alleged that on or about December 1, 1947, this defendant "learned through verbal rumor" that the plaintiff proposed to ask for bids for the alteration and enlargement of its sewage disposal system; that it wrote to the plaintiff "requesting a bid form with plans and specifications"; that it received from the plaintiff by mail a bid form; that neither this bid form nor the plans and specifications which were furnished by the plaintiff contained any reference to the Improvement Act of 1911, or to any portion of the Streets and Highways Code or provided that payment would be made in bonds but on the contrary, specifically and by implication, provided that payment should be made in lawful money; that said defendant had not read and had not had its attention called to any published or posted notice calling for bids; and that it executed and submitted a bid and a bond, exact copies of which were attached to the complaint, believing that payment would be made in lawful money "as indicated and provided in the said bid form, and in the said plans and specifications." It was further alleged that on December 17, 1947, this defendant advised the plaintiff that its bid was based upon cash payments and that it subsequently notified the plaintiff that it would not enter into a contract providing for payment in bonds, wholly or in part, but was willing to enter into the contract provided it was payable in lawful money.

The court sustained a demurrer to this answer without leave to amend and granted the plaintiff's motion for judgment on the pleadings. Judgment was accordingly entered for $7,-321.76 against Haddock-Engineers, Ltd., and that defendant has appealed. It is first contended that it must be assumed, as alleged in the answer, that appellant had no actual knowledge that the Improvement Act of 1911 or payment in bonds were here involved, that under the facts alleged it was not chargeable with constructive notice of these matters and that in any event, the question as to whether it was chargeable with constructive notice was one of fact which required a trial of the action. It is argued that since neither the bid form nor specifications which were furnished contained any reference to the mode of payment or to the Improvement Act of 1911, there was nothing to put the appellant on inquiry or to call for further investigation on its part, and thus no constructive notice as defined in section 19 of the Civil Code.

The form of bid and the plans and specifications did not mention the 1911 act, and did not refer to the mode of payment, by implication or otherwise. There is no requirement

that such matters be set forth in those instruments, and no valid reason why they should be. These steps necessarily call attention to prior steps which are basic and controlling. The bid here submitted also stated that the bidder had examined the location of the proposed work, and was familiar with the local conditions at the places where the work was to be done. Even if the appellant did not see any of the many notices posted, or any of the three which were published, it clearly appears that it knew that it was dealing with a public agency which could act in such a matter only after taking required preliminary steps which necessarily controlled any invitation for bids. (*Miller* v. *McKinnon,* 20 Cal.2d 83 [124 P.2d 34, 140 A.L.R. 570].) The facts of which the appellant denies knowledge were contained and repeatedly set forth in public records to which it had access, and were repeatedly published as required by law. It would be an idle thing to require the taking of such steps, and the publishing of such notices, if bidders are free to disregard both the statutes and the publications, and to submit bids upon their own terms without disclosing their secret intentions until after an award has been made in their favor. The appellant had actual notice of circumstances which were amply sufficient to put a prudent person upon inquiry as to the manner in which the respondent was proceeding in doing this work and in calling for bids, and the slightest inquiry would have disclosed the facts of which it claims to have been ignorant. Not only are the admitted facts and circumstances sufficient to constitute constructive notice to the appellant, but this result necessarily follows from the facts which appear without dispute. The facts being admitted, the trial court drew the necessary conclusion of law therefrom and correctly ruled upon the matter as one of law.

The appellant further contends that the complaint failed to state a cause of action since it failed to plead facts showing the extent of the actual damages suffered, and since it relies entirely upon the theory of forfeiture. It is argued that the bond which accompanied the appellant's bid, and upon which the complaint is based, contains no provision for a forfeiture, and also provides that a bidder who fails to enter into the contract shall pay only the damages actually suffered, not exceeding the penalty of the bond.

The contention that the bond contains no forfeiture clause is without merit. The bond was given in connection with proceedings under the Improvement Act of 1911 and

was necessarily furnished pursuant to section 5242 of the Streets and Highways Code, which requires that either a certified check or a bond for at least 10 per cent of the bid shall accompany the bid. Section 5246 of that code definitely provides that if the successful bidder fails or refuses to enter into the contract, such a certified check shall be forfeited, collected and paid into the general fund, and any bond forfeited may be prosecuted and the amount due collected and paid into the general fund. These statutory provisions became a part of the bond and clearly provide for the forfeiture here being claimed. (*Mill Valley* v. *Massachusetts Bonding etc. Co.*, 68 Cal.App. 372 [229 P. 891].)

Nor do we think the liability on this bond was limited so as to require pleading and proof of the actual damages. Because it would always be difficult, and in many cases impossible, to determine the actual damages thus suffered, the statute itself has fixed the exact liability in such a case at 10 per cent of the bid, and the bidder was not at liberty to change it. The condition in this bond is that it shall be null and void only if the principal either enters into the contract awarded him or pays the damages suffered not exceeding the full penalty. The appellant here did neither of these things and, by its own terms, the obligation of the bond remains in full force and effect. Whether it should properly be considered as damages or as a penalty, the amount due and the liability therefor are fixed and determined by sections 5242 and 5246 of the Streets and Highways Code, and no pleading of the actual damages was required. Insofar as the appellant is concerned, at least, this statutory liability neither could be, nor was, limited or abridged by the bond here in question. While the facts are somewhat different, the principles applied in *Mill Valley* v. *Massachusetts Bonding etc. Co.*, *supra*, are applicable and controlling here.

The judgment is affirmed.

CARTER, J.—I am in full accord with the views expressed in the opinion of the District Court of Appeal, Fourth Appellate District, adopted as the opinion of this court in this case. Said opinion correctly states the law as it has been declared by all of the courts of this state, with the exception of the majority opinion in the case of *Petrovich* v. *City of Arcadia*, *ante*, p. 78 [222 P.2d 231]. In my dissenting opinion in the Petrovich case (*ante*, p. 86), I pointed out the unsoundness of the majority opinion in that case and its conflict

with the other decisions on this subject. Since the majority now see fit to adopt an opinion of the District Court of Appeal in full accord with the views expressed by me in my dissenting opinion in the Petrovich case, I am happy to join with them.