[Civ. No. 4446. Fourth Dist. Aug. 13, 1952.]

CHARLES E. DEVINE, Appellant, v. FREEDOM NEWS-PAPERS, INC. (a Corporation) et al., Respondents.

Robert E. Webb for Appellant.

Harvey, Rimel & Johnston and John K. Colwell for Respondents.

BARNARD, P. J.—This is an action to have a contract declared null and void, and to restrain the respondent city and its officers from paying out any city funds in connection therewith. General demurrers to the complaint were sustained without leave to amend, and the plaintiff has appealed from the judgment which followed.

The admitted facts are as follows. The appellant is a taxpayer in Santa Ana, a city of the fifth class with its fiscal year beginning and ending July 1. The Independent is a weekly newspaper published in Santa Ana. The Register, owned by

the defendant corporation, is a daily newspaper published in Santa Ana. It has a paid circulation which covers more than 94 per cent of all the homes in that city.

On June 1 and June 8, 1951, the city published in the Independent a notice calling for bids for publishing legal notices for the fiscal year July 1, 1951 to July 1, 1952, as required by section 37907 of the Government Code. The Independent submitted a bid in accordance with this notice. The Register submitted a lower bid. Below the signature on that bid the following language appears:

"P.S. In event of acute newsprint shortage or other conditions beyond the control of the Register that may necessitate the limiting of the size of the Register or the rationing of advertising, the publisher reserves the right to cancel this bid, without penalty, on 60 days notice in writing."

The city trustees, by unanimous vote, accepted the bid of the Register and awarded the contract to it.

The complaint contains no allegations of fraud or dishonesty. It alleges that by accepting the bid of the Register the city council purported to contract with it for the printing of legal publications in its Saturday issue for the fiscal year commencing July 1, 1951, and ending June 30, 1952; that this purported contract is illegal and void since it was not entered into in the manner prescribed by law; that the city officials had no power or authority to accept this bid; and that this contract is null and void in that it does not comply with the requirement of the statute that such a contract must cover a full year.

The appellant contends that section 37907 of the Government Code requires that such a contract for the printing of legal notices must be one for a full year; that this contract was not one for a year since the bidder reserved the right to cancel it on 60 days' notice; that it must be deemed to be a contract for 60 days only since it was not enforceable for any longer period; that it was not responsive to the call for bids and materially deviated therefrom; and that it follows that the contract does not comply with the statute and is null and void.

The postscript upon which the appellant relies was technically insufficient in that it was not signed and in that it purported to reserve a right to cancel the bid, but not to cancel the contract which would naturally follow an acceptance of the bid. Moreover, it was an unsigned attempt to add something to a previously completed bid, made in accord-

ance with the statute and the published notice calling for bids.
■   The bidder was presumed to know the law and was not free to attach any reservation which was contrary to the requirements of the statute and the published notice. (*Inyokern Sanitation Dist.* v. *Haddock-Engineers, Ltd.,* 36 Cal.2d 450 [224 P.2d 709].)   The attempted reservation was ineffective for any purpose and the council properly disregarded it.

■   Even if this postscript should not be entirely disregarded, it does not necessarily follow that it had the effect of making the contract null and void from the beginning. In that event, this must still be regarded as a contract for a year, with a questionable provision in it, and not merely one for 60 days.   The statute does not go into details and intentionally leaves the terms of such a contract largely to the discretion of the council.   In the exercise of this discretion the council had the right to determine which was the better bid in the light of existing circumstances, and of future probabilities so far as they could be foreseen.   The attempted reservation, even if intended to apply to the contract and not merely to the bid, was not an arbitrary right of cancellation but was one to be used only in the event of an unexpected emergency which would probably never arise.   If such an emergency did arise it is by no means certain that the city would be unable to enforce the contract and, in any event, it could remedy the situation by making another contract for the rest of the year.   In the meantime it would have had the benefit of the more favorable contract.   ■   In the absence of any charge of fraud or dishonesty, the vague possibility that the duration of the contract might turn out to be something less than a year could not, and did not, automatically make this contract null and void under the circumstances which here appear.   (*Cyr* v. *White,* 83 Cal.App.2d 22 [187 P.2d 834].)   The admitted facts show at least a substantial compliance with the statute, and it cannot be held that the contract was so illegal as never to have existed.

■   No error appears in refusing permission to amend. No amendment was possible except by charging fraud, which would have entirely changed the cause of action.   (*Cyr* v. *White, supra.*)   It is not contended that any fraud existed or that any proper amendment could have been made.

The judgment is affirmed.

Mussell, J., concurred.